

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

June 23, 1947

Hon. Elmer H. Parish
District Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. V-260

Re: The authority of a
Justice of the Peace
to charge the fee
allowed by Article
1052, V.C.C.P.,when
he sits as a "Court
of Inquiry" under
Article 886,V.C.C.P.

In your letter dated June 6, 1947, receipt
of which was acknowledged on June 9, 1947, you requested
an opinion of this Department on the following:

"May a Justice of the Peace in a
county of more than 20,000 population,
charge the $2.50 fee as allowed by Ar-
ticle 1052, C.C.P., when he sits as a
magistrate under Article 886, C.C.P., as
a court of Inquiry, wherein he adduces
sufficient evidence to warrant prosecu-
tion, and complaint is made based upon
that evidence and docketed as a new
case on his docket and then disposed of
by the Justice of the Peace?

"In the case at hand, no individ-
ual was under arrest; the Justice of the
Peace was conducting a hearing to ascer-
tain if any law had been violated, and,
if so, by whom."

Article 1052, V.C.C.P., provides in part:

". . .Two dollars and fifty cents
shall be paid by the county to the Jus-
tice of the Peace, for each criminal ac-
tion tried and finally disposed of be-
fore him."

Article 886, V.C.C.P., provides:

"When a Justice of the Peace has
good cause to believe that an offense

has been, or is about to be, com-
mitted against the laws of this
state, he may summon and examine
any witness in relation thereto.
If it appears from the statement
of any witness that an offense
has been committed, the Justice
shall reduce said statements to
writing and cause the same to be
sworn to by each witness making
the same; and issue a warrant for
the arrest of the offender, the
same as if complaint had been
made and filed."

Article 24 of Vernon's Penal Code provides:

"A criminal action means the
whole or any part of the procedure
which the law provides for bringing
offenders to justice; and the terms
'prosecution' and 'accusation' are
used in the same sense."

In Brown v. State, 118 S. W. 139, the Court,
in discussion a "Court of Inquiry" held by a Justice of
the Peace, stated:

"He was summoning before him-
self as Justice of the Peace, wit-
nesses solely for the purpose, and
only with the view of ascertaining
if any crimes or violations had been
committed. . . He had no case before
him; he was investigating as Justice
of the Peace, with a view and for
the purpose of finding, or procuring,
or originating a case or cases."

It will be noted that Article 1052, V.C.C.P.,
provides that the fee shall be paid to the Justice of the
Peace "for each criminal action tried and finally dis-
posed of before him." A "Court of Inquiry" as provided
for in Article 886, V.C.C.P., is not a proceeding in which
a criminal action is tried and finally disposed of but an
inquiry to determine whether or not a criminal action
should be instituted.

Article 886, V.C.C.P., provides that if it appears to the Justice of the Peace that an offense has been committed he shall "issue a warrant for the arrest of the offender, the same as if a complaint had been made and filed." It is well settled that the complaint is the initial step in a criminal prosecution. 12 Tex. Juris. 382. It therefore appears that Article 886, V.C.C.P., is providing another method of instituting a criminal action. If it appears at the court of inquiry that no offense has been committed and no warrant is issued, then no criminal action is ever commenced. But if the evidence at the inquiry is sufficient to justify the issuance of a warrant and one is in fact issued, a criminal action is at that time commenced and in no wise tried and finally disposed of. If no warrant is issued but a complaint is made based upon the evidence adduced at the court of inquiry and docketed on the docket of the Justice of the Peace, the criminal action is commenced upon the filing of the complaint and a criminal action is not tried and finally disposed of until all the issues of law and fact have been determined, and the final judgment entered.

Fee statutes are strictly construed and unless there is an express authority to pay a fee none may be paid. There is no provision made for paying a fee to a Justice of the Peace for holding a court of inquiry as provided for in Article 886, V.C.C.P. It is a familiar rule with respect to compensation of public officers that they shall receive such salary, fees, or compensation only as may be prescribed by law. If an additional duty is imposed upon an officer for which no fee or compensation is fixed by law, the duty must be performed as an additional burden imposed by law without extra compensation therefor. This rule has been uniformly followed by the courts and by the opinions of this department. (Atty. Gen. Opinion No. V-144) It therefore follows that your question should be answered in the negative.

## SUMMARY

Public officers shall only receive such salary, fees, or compensation as may be prescribed by law. A Justice of the Peace may not charge the fee provided for in Article 1052, V.C.C.P., where he sits as a Court of

Inquiry under the provisions of Article 886, V.C.C.P., inasmuch as a "Court of Inquiry" is not a criminal action.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:et:djm:WB

APPROVED:

ATTORNEY GENERAL